

Robert W. Whetzel
302-651-7634
Whetzel@RLF.com

June 19, 2020

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      Re:  *Amgen Inc. v. Hospira, Inc.*, C.A. No. 20-561-CFC

Dear Judge Connolly:

    Pursuant to Your Honor's May 15, 2020 Order (D.I. 11), Plaintiffs Amgen Inc. and Amgen Manufacturing, Limited ("Plaintiffs") and Defendants Hospira, Inc. and Pfizer Inc. ("Defendants") write to inform the Court that the parties have been unable to come to an agreement on how to proceed in the above-referenced action.  Plaintiffs and Defendants have conferred and are prepared to file, respectively, a motion to consolidate this action with C.A. No 18-1064-CFC-CJB, which Plaintiffs identified as a related action, and a motion to stay this action pending the resolution of that action.  In an effort to streamline the briefing process for the Court, the parties attach hereto a proposed briefing schedule with word limitations for Your Honor's consideration.  However, the parties are open to presenting the issues to Your Honor in any manner the Court prefers.  For Your Honor's convenience, a brief summary of the parties' positions is set forth below.

**Plaintiffs' Position:**

    Plaintiffs' position is that this case should be consolidated and coordinated with the earlier-filed case captioned: *Amgen Inc., et al. v. Hospira, Inc., et al.*, C.A. No. 18-1064-CFC.  Plaintiffs believe consolidation is appropriate because the two actions involve common questions of law and fact, and consolidation will avoid unnecessary cost to the Court and parties.  These actions involve identical parties, identical accused acts of infringement, the same accused process, and related patents with identical inventors, materially identical specifications, and overlapping claim terms.  Discovery in C.A. No. 18-1064-CFC-CJB is still

The Honorable Colm F. Connolly
June 19, 2020
Page 2

ongoing as to Pfizer's on-sale and public use defenses and will not be completed until early 2021. Trial in that case is not scheduled until May 17, 2021. That gives the parties ample time to complete discovery in this action, much of which will overlap with the earlier-filed case, and to complete any claim construction for terms that were not already construed in the earlier-filed case.

Pfizer attempts to condition consolidation on a requirement that "the parties agreed to use the same experts in a consolidated case as they did" in the earlier-filed case. Pfizer's proposal fails because it incorrectly assumes that Amgen has already disclosed all of its experts in the earlier-filed case. In fact, expert discovery in the earlier-filed case remains open on Pfizer's on-sale bar / public use defense, and does not close until 2021; thus, Amgen is permitted to rely on new experts in the earlier-filed case. C.A. No. 18-1064-CFC-CJB, D.I. 147. As Magistrate Judge Burke ordered in denying Pfizer's motion for a Protective Order, preventing Amgen from using "the expert of its choice" during the supplemental discovery period in the earlier-filed case is "at odds with the nature of the District Court's decision there (which permitted Amgen to get 'the discovery [it] need[s]')"; and "Amgen promises that Dr. Blanch will not give duplicative testimony to that of its other experts or attempt to retreat from those experts' opinions." *Id.* Similarly, Amgen's experts in a consolidated action will not give duplicative testimony to that of its other experts or attempt to retreat from its experts' opinions in the earlier-filed case. And Amgen expects that in the consolidated action, Amgen will rely on the same experts that Amgen has disclosed and will disclose in the earlier-filed action. But Amgen cannot agree to limit its experts in the later-filed case to the ones who have already opined in the earlier-filed case where, as here, discovery remains open in the earlier-filed case.

**Defendants' Position:**

Defendants' position is that consolidation would not further the interests of efficiency, expense, and fairness unless, at a minimum, the parties agreed to use the same experts in a consolidated case as they did in the earlier-filed C.A. No. 18-1064-CFC-CJB. Defendants dispute that the infringement issues in the two cases are "identical," as evidenced by the infringement contentions that Plaintiffs have served in this case which differ from those in C.A. No. 18-1064-CFC-CJB. Moreover, Defendants believe that there is a greater likelihood of commonality between the two cases if the parties agree to use the same experts in a consolidated action. Absent such an agreement, Defendants are also concerned by the potential for jury confusion resulting from having different experts opine on any overlapping

The Honorable Colm F. Connolly
June 19, 2020
Page 3

issues between the two asserted patents. Defendants informed Plaintiffs that they would not oppose consolidation on the condition that the parties use the same experts in a consolidated action, but Plaintiffs have not agreed to Defendants' proposal. Even if the parties agreed to use the same experts, the current trial date in C.A. No. 18-1064-CFC-CJB would need to be extended by at least several months in a consolidated action in order for Defendants to complete the necessary fact and expert discovery to defend against Plaintiffs' claims of infringement on the newly asserted patent.

Given Plaintiffs' unwillingness to agree to use the same experts in a consolidated action, Defendants propose that this case should instead be stayed pending resolution of C.A. No. 18-1064-CFC-CJB. In C.A. No. 18-1064-CFC-CJB, fact and expert discovery are complete on infringement, damages, and all but one of Defendants' invalidity theories. In Defendants' view, to the extent that there are common questions of law and fact between the two cases, resolution of the earlier-filed action stands to streamline (if not entirely moot) this case. A stay would also allow the parties to keep the trial date that has been set in C.A. No 18-1064-CFC-CJB and alleviate Defendants' concerns about potential jury confusion.

\*   \*   \*

In filing the present action, Plaintiffs also identified *Amgen Inc. et al. v. Hospira, Inc. et al.*, C.A. No. 20-201-CFC ("the Pegfilgrastim Action") as a related action. The parties have conferred on the Pegfilgrastim case and agree that this action should proceed separately from the Pegfilgrastim Action and that the Pegfilgrastim Action should proceed pursuant to the Scheduling Order previously ordered in that action (D.I. 33).

Should Your Honor have any questions, counsel remain available at the Court's convenience.

Respectfully,

*/s/ Robert W. Whetzel*

Robert W. Whetzel (#2288)

RWW:kl
Attachment
Cc: All Counsel of Record (via CM/ECF)