IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC. and AMGEN MANUFACTURING, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPIRA, INC. and PFIZER INC.<br><br>Defendants. | Civil Action No. 20-0561-CFC |

## MEMORANDUM ORDER

Having considered the merits of Defendants Hospira, Inc. and Pfizer Inc.'s Motion to Stay (D.I. 19) and the briefs filed by the parties in connection with that motion, it is HEREBY ORDERED that Defendants' motion to stay is GRANTED IN PART for the following reasons:

1.   Plaintiffs Amgen Inc. and Amgen Manufacturing, Limited make and sell the biologic filgrastim under the brand name Neupogen®. Filgrastim, like many biologics, is a protein. Plaintiffs own two patents generally related to methods of purifying such proteins. These two patents are U.S. Patent Nos. 10,577,392 (the #392 patent), and 9,643,997 (the #997 patent). The #392 patent issued in March of 2020.

2.      Defendants manufacture and sell a biosimilar version Neupogen® called Nivestym®. Nivestym® has been available since 2018 and is the third biosimilar version of Neupogen® launched in the United States since Neupogen® became available almost thirty years ago.

3.      Both the #392 patent and #997 patent have been asserted against the Defendants—albeit in different actions—for the manufacture of Nivestym®. The #392 patent has been asserted in this case (C.A. 20-0561), which was filed on April 24, 2020. The #997 patent has been asserted in the related case *Amgen Inc. et al. v. Hospira, Inc. et al.*, No. 18-cv-1064-CFC-CJB (D. Del. 2018). That case is scheduled for a jury trial to begin on May 17, 2021.

4.      Plaintiffs requested consolidation of the two actions in June of 2020. In support of their request, they alleged that the two cases "involve identical parties, identical accused acts of infringement, the same accused process, and related patents with identical inventors, materially identical specifications, and overlapping claim terms." D.I. 16 at 1. Defendants agreed to consolidate the two cases if the parties agreed to use in the consolidated case the same experts employed by the parties in C.A. 18-1064. Plaintiffs refused to agree to this reasonable request. Consequently, I denied the Plaintiffs' request to consolidate. Oral Order of June 24, 2020.

2

5.      Defendants have now moved for a stay of C.A. 20-0561 until the final resolution of C.A.18-1064, including all appeals. D.I. 19 at 1.

6.      Whether or not to stay litigation is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir.1998). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

7.      Defendants argue that all three factors weigh in favor of granting a stay. Having considered the parties' briefs on the issue, I agree.

8.      A stay here will likely simplify the issues in question and trial of the case. Plaintiffs have admitted that the matters "involve identical parties, identical accused acts of infringement, the same accused process, and related patents with identical inventors, materially identical specifications, and overlapping claim

3

terms." D.I. 16 at 1. Staying the instant action will help prevent overlapping invalidity and noninfringement issues from unnecessarily being tried twice.

9. The second factor also weighs in favor of granting a stay. The parties in the instant action have not held a Rule 26(f) conference and there is no scheduled Rule 16(b) conference. The parties have yet to initiate fact discovery and no trial date has been set. In C.A. 18-1064 action, by contrast, fact and expert discovery is set to close in less than three weeks, dispositive motions are due on February 17, 2021, and a jury trial is set for May 17, 2021. C.A. 18-1064, D.I. 129 at 2.

10. Finally, a stay will neither unduly prejudice nor provide a clear tactical disadvantage to the Plaintiffs. Plaintiffs assert that "[s]taying this case . . . will likely delay resolution of this action by several years and would result in judicial and litigation inefficiencies." D.I. 25 at 13. But Plaintiffs do not explain what those judicial and litigation inefficiencies are or how a delay of several years (or any time) would cause it to suffer any irreparable harm. Plaintiffs thus fail to demonstrate that they would be unduly prejudiced by a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("Of course, whether the patentee will be *unduly prejudiced* by a stay . . . like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim. A stay will not diminish the monetary damages to which

[the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." (emphasis in original)). Similarly, Plaintiffs' bare assertion that Defendants' "stated intent to price Nivestym® below other competitors enhances [the] potential for harm to [Plaintiffs]" does not convince me that Plaintiffs will suffer undue prejudice from a stay. D.I. 25 at 14. Plaintiffs can still seek relief in C.A. 18-1064 for any price erosion given that the two cases involve "identical accused acts of infringement[ and] the same accused process[.]" D.I. 16 at 1.

11. In sum, considering the relevant factors and exercising my discretion to formulate a proper case-specific resolution, I will grant Defendants' motion to stay insofar as it seeks a stay of the current action. I will deny the motion insofar as it seeks a stay pending a final resolution of C.A. 18-1064 that includes all appeals.

NOW THEREFORE, at Wilmington this Seventh day of January in 2021, **IT IS HEREBY ORDERED** that this case is STAYED until 14 days after resolution of *Amgen Inc. et al. v. Hospira, Inc. et al.*, No. 18-cv-1064-CFC-CJB (D. Del. 2018). No later than 14 days after resolution of C.A. 18-1064, the parties shall file a joint status report advising the Court as to how this case should proceed.

_____
UNITED STATES DISTRICT JUDGE